

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
-------------------------------

UNITED STATES OF AMERICA

v.

WAYNE ANDERSON
(Name of Defendant)

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)
Cause No. 3:01CR00009(01)

Robert D. Truitt
Defendant's Attorney

THE DEFENDANT:
**XX** pleaded guilty to count(s) **1**.
   Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count No(s). |
|---|---|---|---|
| 21:841(a)(1) | Possession With Intent To Distribute a Controlled Substance. | 01-30-01 | 1 |

Defendant is sentenced as provided on additional pages of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**XX** It is ordered that defendant shall pay to the United States a special assessment of **$100.00**, for Count(s) **1** which shall be due **immediately** as follows: payable to Clerk, U.S. District Court, 102 Robert A. Grant Federal Bldg., 204 S. Main St., South Bend, Indiana 46601. It is further ordered that the defendant shall notify the Clerk, of the United States District Court for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec. Number:
    1156

Defendant's Date of Birth:
    71

**USM No. #06674-027**

Defendant's Mailing Address:
St. Joseph County Jail
401 W. Sample Street
South Bend, Indiana 46601

Defendant's Residence Address:
116 Butler Street
Michigan City, Indiana 46360

October 24, 2001
Date of Imposition of Sentence

s/ Robert L Miller, Jr.
Robert L. Miller, Jr., Judge
United States District Court

October 25, 2001
Date

A TRUE COPY ATTEST:
DATE: 10/25/01
Clerk, U.S. District Court
Northern District of Indiana

Defendant: WAYNE ANDERSON                Judgment
Case No.: 3:01CR00009(01)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one-hundred (100) months.

__XX__ The Court makes the following recommendations to the Bureau of Prisons: designate as the place of the defendant's confinement a facility in which he might participate in an intensive drug treatment program. The court also recommends that the Bureau of Prisons designate as the place of the defendant's confinement, if such a designation is consistent with the defendant's security classification as determined by the Bureau of Prisons, the Federal Correctional Institution at Terre Haute, Indiana, so that the defendant might be close as reasonably possible to his son and mother in Michigan City, Indiana. The court has no objection (but does not recommend) to maximum halfway house placement should the defendant become eligible for such placement.

__XX__ The defendant is remanded to the custody of the U.S. Marshal.

___ The defendant shall report to the facility designated by the Bureau of Prisons, as advised by the United States Marshal, not later than

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By_____
     Deputy Marshal

Defendant: WAYNE ANDERSON                Judgment
Case No:   3:01CR00009(01)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>five (5) years.</u>

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court. If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

<u>XX</u> The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

<u>XX</u> The defendant shall not possess a firearm or destructive device.

<u>XX</u> The defendant shall not illegally possess a controlled substance, and shall submit to one drug urinalysis within 15 days after being released on supervision and at least two periodic tests thereafter.

<u>XX</u> The defendant shall participate in a drug aftercare treatment program, which may include urine testing, at the probation officer's direction and discretion, under a co-payment plan under which the defendant will be held responsible for 3 percent per $100 of his net wages as determined by the probation office. If the defendant is unemployed or receiving public assistance, the defendant shall be held responsible for a co-payment of $10 per month. Payments shall be made on a per visit basis, and shall not exceed the contract price.

<u>XX</u> The defendant shall perform 200 hours of community service as directed by the probation officer.

3

```
Defendant: WAYNE ANDERSON                       Judgment
Case No:   3:01CR00009(01)
```

## STANDARD CONDITIONS OF SUPERVISION

While defendant is on probation or supervised release pursuant to this Judgment, the defendant shall not commit another Federal, State or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

4

14) the defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15) the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines or special assessments.